UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

| | |
|---|---|
| DISCOUNT RAMPS, LLC, <br> a Wisconsin LLC <br><br> Plaintiff <br><br> v. <br><br> ERIC STEPHAN, an individual, and <br> FACTORY DIRECT RAMPS, LLC, <br> a Michigan LLC <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

COMPLAINT
_____

For its Complaint, plaintiff, Discount Ramps, LLC, alleges as follows:

PARTIES

1. Plaintiff, Discount Ramps, LLC ("Discount"), is a Wisconsin limited liability corporation authorized to do business in Wisconsin with an office and principal place of business located at 760 South Indiana Avenue, West Bend, Wisconsin 53095. Discount is engaged in the manufacture, sale and distribution of vehicle ramps, trailers and associated equipment. Discount sells and distributes its products throughout the United States.

2. Defendant, Factory Direct Ramps, LLC ("Factory"), on information and belief, is a Michigan limited liability corporation with an office and place of business at 13642 Sycamore Street, Southgate, Michigan 48195. Upon information and belief, Factory

is engaged in the business of manufacturing, selling and distributing vehicle ramps, trailers and associated equipment.

3. Defendant, Eric Stephan ("Stephan"), on information and belief, is an individual residing at 13642 Sycamore Street, Southgate, Michigan 48195. Upon information and belief, Stephan controls, directs and manages the activities of co-defendant Factory.

## JURISDICTION AND VENUE

4. Count I is for violations of the Lanham Act, § 43(a). This Court has subject matter jurisdiction for Lanham Act violations pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

5. Count II is for violations of the Copyright Act of the United States, 17 U.S.C. § 101 et. seq. This Court has subject matter jurisdiction for violations of the Copyright Act pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

6. Count III is for common law unfair competition. This Court has jurisdiction over Count III pursuant to 28 U.S.C. § 1367 under the doctrine of supplemental jurisdiction. Additionally, in that this is an action between citizens of different states and the amount in controversy with respect to Count III of this action exceeds the sum of Seventy-five Thousand Dollars ($75,000.00) exclusive of interest and costs, this Court also has jurisdiction over Count III pursuant to 28 U.S.C. § 1332.

7. On information and belief, defendants, Stephan and Factory, conduct business in this district. On information and belief, Stephan and Factory have been selling and promoting the sale of products in this district.

8. On information and belief, Stephan and Factory are subject to the personal jurisdiction of this Court by virtue of Wisconsin Statute § 801.05. The assertion of personal jurisdiction over the defendants comports with constitutional due process.

9. Venue is proper pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## GENERAL ALLEGATIONS

10. Discount realleges and incorporates by reference as though fully set forth herein the allegations contained above in paragraphs 1 through 9.

11. Discount has been engaged in the business of manufacturing, selling and distributing vehicle ramps, trailers and other related equipment for over 5 years.

12. For at least the last 5 years, Discount has used proprietary alphanumeric designators to identify the models of ramps, trailers and related equipment that Discount sells. Discount has continuously and prominently advertised and offered its products in connection with its proprietary alphanumeric designators throughout the United States. Discount's use of the proprietary alphanumeric designators has been exclusive.

13. Discount's proprietary alphanumeric designators have become, through favorable public acceptance and recognition, an asset of substantial value as a symbol of Discount, its quality products and its good will. Discount's proprietary alphanumeric designators serve as a trademark for Discount's products. Discount's use of the alphanumeric designators as a trademark has been valid and continuous since the date of first use and has not been abandoned.

14. Discount's alphanumeric designators are inherently distinctive symbols of the good will and consumer recognition built up by Discount with respect to its products. In

addition, the alphanumeric designators have acquired secondary meaning to the purchasing public as a source of Discount products.

15.     Over the years, Discount has used websites illustrating the various products provided by Discount. From time to time, Discount has revised or updated its websites, but throughout the years, it has maintained prominent use of its proprietary alphanumeric designators.

16.     In 2000, Discount published websites offering and describing its products. The websites contain a significant amount of original authorship in its overall layout, text, art work, etc.  The websites can be viewed at www.discountramps.com and www.discountwheelchairramps.com.

17.     The websites embody several pages, each having a distinctive layout for describing the various products.  This distinctive layout includes the product alphanumeric designator, a photograph of the product, text, and a pricing table.

18.     Discount has directed a considerable amount of resources for developing its websites and for education on its use to promote the sale of ramps, trailers and other related equipment.  As a result, the websites serve as an important aspect of the overall image of Discount and of its ramps, trailers and other equipment in the marketplace.  The websites are also instrumental in the ordering of Discount products by customers.

19.     The websites are a substantial part of the total visual image by which Discount products are presented to customers. The distinctive websites serve as valuable trade dress for the Discount products.  The distinctive trade dress embodied in the websites have acquired a "secondary meaning" inasmuch as prospective customers associate the

websites with Discount, and the demand for Discount ramps, trailers and associated equipment is closely related thereto.

20. Notwithstanding, Stephan and Factory recently copied substantial portions of the websites, including their artistic layout, text, pictures and use of the Discount proprietary alphanumeric designators.

21. Stephan and Factory are using its website and Discount's proprietary alphanumeric designators wrongfully and aggressively in commerce to confuse consumers and to cause mistake and to deceive such that purchasers would believe that Stephan's and Factory's products are made, sponsored or offered in connection or affiliation with Discount.

22. Stephan's and Factory's conduct has been without the consent of Discount, and to the detriment of Discount's business. Purchasers and prospective purchasers are not only likely to be confused, but there has already been a substantial amount of actual confusion.

23. Upon information and belief, Stephan's and Factory's wrongful conduct has been willful for the knowing purpose of trading upon the good will established by Discount in connection with its distinctive trade dress and its proprietary alphanumeric designators. Stephan's and Factory's wrongful conduct has caused Discount irreparable harm, and will cause further irreparable injury to Discount if defendants are not enjoined by this Court.

## COUNT I

## VIOLATION OF § 43(a) OF THE FEDERAL LANHAM ACT

24. Discount hereby realleges and incorporates by reference as if fully set forth herein paragraphs 1 through 23. This cause of action is based on 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

25. Stephan's and Factory's actions of copying and simulating the trade dress embodied in the Discount websites create a likelihood of confusion, mistake or deception with respect to the affiliation, sponsorship, connection or association of defendants with Discount. Purchasers or prospective purchasers of defendants' products are likely to be deceptively led to believe that those products originate with or are sponsored by or are otherwise approved by the same source as Discount products. This constitutes a false designation of origin, as well as a false description or representation of goods in and affecting interstate commerce.

26. By reason of defendants' prominent use of Discount's proprietary alphanumeric designators in a trademark sense, purchasers and prospective purchasers of defendants' products are likely to be deceptively led to believe that those products originate with or are sponsored by, or are otherwise approved by the same source as Discount's products. Defendants' use of the proprietary alphanumeric designators constitutes false designation of origin, as well as a false description or representation of goods in and affecting interstate commerce.

27. The acts of defendants complained of above constitute acts in violation of 15 U.S.C. § 1125(a).

28. As a proximate result of defendants' acts, Discount has suffered great detriment to its goodwill and reputation, and is likely to suffer greater detriment to its business, goodwill, reputation and profits in an amount that is not fully ascertained, but believed to be in excess of One Hundred Thousand Dollars ($100,000.00).

29. Defendants' conduct has irreparably damaged Discount. Such conduct will continue to irreparably harm Discount unless restrained by this Court.

30. This is an exceptional case and Discount is entitled to recover three times its damages plus reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

## COPYRIGHT INFRINGEMENT

31. Discount realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 30 above. This count is for federal copyright infringement.

32. Since at least as early as 2000 and continuing to date, Discount has created websites relating to the manufacture, sale and distribution of ramps, trailers and related equipment, namely www.discountramps.com and www.discountwheelchairramps.com. The websites, including all revisions, updates and derivatives thereof, have been authored by officers and/or employees of Discount within the scope of their employment, under the supervision and direction of Discount and with the financial resources of Discount.

33. Discount is currently, and has been at all relevant times, the sole owner of all right, title and interest in and to copyrights for the www.discountramps.com and the www.discountwheelchairramps.com websites.

34. Copyright registration applications have been filed in the United States Copyright Office for the websites.

35. On information and belief, defendants copied the Discount websites and are infringing Discount's exclusive rights in its copyrights, including the right to reproduce, the right to prepare derivative works and the right to distribute copies as enumerated under 17 U.S.C. §§ 106(1), (2) and (3). Defendants' infringing website, found at www.factoryramps.com, embodies photographs, text, and overall layout which are strikingly similar to copyrighted subject matter on the Discount websites. The preparation, reproduction and distribution of the infringing work by defendants has been done without license from Discount, contrary to the desires of Discount, and without Discount's consent.

36. The Discount websites and their contents are widely recognized throughout the relevant industry, and it is believed that defendants knowingly and willfully copied the Discount websites with intentional disregard of Discount's copyrights.

37. Defendants' infringement of Discount's copyrights has caused and is causing Discount irreparable injury, loss and damages, and unless defendants are restrained from continuing their wrongful and willful infringement, irreparable damage to Discount will increase without an adequate remedy at law.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

38. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 37 above.

39. The acts of defendants complained of herein constitute unfair competition under state and federal common law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Discount, prays for the following relief:

(a) That defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action and permanently, from:

    (1) competing unfairly with Discount in any manner involving the use of the Discount alphanumeric product designators, or any colorable imitations thereof in connection with the manufacture, promotion, advertising, offering for sale, or sale of ramps, trailers or related products;

    (2) representing that defendants have some business relationship with or sponsorship by Discount brand of merchandise;

    (3) infringing Discount's trade dress embodied in the Discount websites;

    (4) directly or indirectly infringing Discount's copyrights in the Discount websites in any manner and from causing, contributing to or participating in the use, reproduction or distribution of infringing works.

(b) That defendants be required to deliver up to be impounded, during the pendency of this action and destroyed upon final judgment, all catalogs and

other materials (e.g., labels, products, displays, packaging, signage, prints, stationery, business cards and advertisements) which infringe plaintiff's copyrights, trademark rights, or rights under Lanham § 43(a), including but not limited to elimination of the "Factory Direct website."

(c) That defendants be enjoined preliminarily and permanently from involving the Discount websites or any other infringing work in its advertising, marketing and sales efforts.

(d) That defendant be required to notify the public of its infringement.

(e) That defendants be directed to file with this Court and serve on Discount within thirty (30) days after entry of the Order granting injunctive relief, a report in writing and under oath, setting forth in detail the manner and form in which defendants have complied with the injunction.

(f) That defendants be adjudged liable and required to account to Discount for all gains, profits and advantages derived by defendants, and all damages due to Discount, from said infringement of the Discount trademarks and trade dress, false designations of origin and false description and representations, and unfair competition.

(g) That defendants be required to pay plaintiff such damages and profits as provided in 17 U.S.C. § 504 and to account for all gains, profits and advantages derived by defendant from its infringement of plaintiff's copyrights, together with interest on such damages as the Court deems appropriate.

(h) That this case be judged exceptional because of the calculated and deliberate manner of the infringing and unfair competition activities of defendants, and that Discount be awarded punitive damages, enhanced damages, and its attorneys' fees and costs in this suit, together with interest.

(i) Such other and further relief as the Court may deem fair and just.

## JURY DEMAND

Discount demands a trial by jury of issues triable by jury.

Respectfully submitted,

s/ Gary A. Essmann
Gary A. Essmann
State Bar No. 1001411
ANDRUS, SCEALES, STARKE & SAWALL, LLP
100 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
414-271-7590

Attorneys for Plaintiff

# VERIFICATION OF COMPLAINT

## AFFIDAVIT OF AMY LEDERHAUSE

STATE OF WISCONSIN )
 ) ss
COUNTY OF WASHINGTON )

AMY LEDERHAUSE, being first duly sworn on oath deposes and says that she is Vice President of Discount Ramps, LLC, the plaintiff in the above-entitled action; that she has read the foregoing Complaint, including the exhibits annexed thereto, and knows the contents thereof; that said Complaint was prepared with the assistance and advice of counsel and the assistance of employees and representatives of Discount Ramps, LLC, upon which she has relied; that the Complaint set forth herein, subject to inadvertent or undiscovered errors, is based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of the Complaint; and that subject to the limitations set forth herein, the facts stated in said Complaint are true to the best of her knowledge, information and belief.

Further deponent sayeth not.

s/ Aimee Lederhause
Amy Lederhause, Vice President
Discount Ramps, LLC

Subscribed and sworn before me
this 25th day of March, 2005.


s/ Elizabeth J. Arndt
Notary Public, State of Wisconsin
My commission     12/28/2008