UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

DISCOUNT RAMPS, LLC,

    Plaintiff

v.                                      Case No. 05-CV-0368-JPS

ERIC STEPHAN and
FACTORY DIRECT RAMPS, LLC,

    Defendants.

---

## ANSWER AND COUNTERCLAIMS

---

For its Answer and Counterclaims, defendants and counterclaimants Eric Stephan and Factory Direct Ramps, LLC (collectively "Defendants") respond as follows:

### PARTIES

1. Defendants admit that Plaintiff is a Wisconsin limited liability company but are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1.

2. Defendants admit that Factory Direct Ramps, LLC ("Factory Direct") is a Michigan limited liability company in the business of selling vehicle ramps, trailers and associated equipment. Defendants deny that Factory Direct's principal place of business is located at 13642 Sycamore Street, Southgate, Michigan and affirmatively allege that Factory Direct's business address is P.O. Box 1288, Southgate, Michigan, 48195. Defendants deny that Factory Direct manufacturers or distributes the aforementioned products.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

MAD/109223.1

## JURISDICTION AND VENUE

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that the Court has jurisdiction over Count III pursuant to 28 U.S.C. § 1367 under the doctrine of supplemental jurisdiction but deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint and affirmatively allege that Factory Direct has made minimal sales in Wisconsin.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny that venue is proper in Wisconsin.

## GENERAL ALLEGATIONS

10. Defendants reallege and incorporate by reference the responses contained in Paragraphs 1-9 above.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint.

12. Defendants deny that the alphanumeric designators referenced in Paragraph 12 of the Complaint are proprietary and without knowledge or information to form a belief as to the remaining allegations in Paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the duration of Plaintiff's use of the alphanumeric designators referenced and deny all the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

MAD/109223.1

15. Defendants deny that Plaintiff has exclusive rights to use the alphanumeric designators and are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15 of the Complaint.

16. Defendants deny that the Plaintiffs websites contain a significant amount of *original* authorship. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit that the websites embody several pages but deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

## COUNT I

## VIOLATION OF 43(a) OF THE FEDERAL LANHAM ACT

24. Defendants reallege and incorporate by reference the responses contained in Paragraphs 1-23 above.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

## COUNT II

## COPYRIGHT INFRINGEMENT

31. Defendants reallege and incorporate by reference the responses contained in Paragraphs 1-30 above.

32. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

38. Defendants reallege and incorporate by reference the responses contained in Paragraphs 1-37 above.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

# AFFIRMATIVE DEFENSES OF FACTORY DIRECT, LLC AND ERIC STEPHAN

## PERSONAL JURISDICTION

1. Defendant Factory Direct, LLC is not subject to personal jurisdiction in Wisconsin as it has insufficient contacts within this State to permit jurisdiction under the Wisconsin Long-Arm statute § 801.05 and under the Due Process Clause of the United States Constitution.

2. Defendant Eric Stephan is not subject to personal jurisdiction in Wisconsin as he has no contacts within the State of Wisconsin to permit jurisdiction under the Wisconsin Long-Arm statute § 801.05 or the Due Process Clause of the United States Constitution.

## COUNT I

## VIOLATION OF § 43(a) LANHAM ACT

3. The Complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff lacks standing to bring this claim.

5. Plaintiff's website pages are not inherently distinctive and have not acquired secondary meaning and therefore are unprotectible.

6. There is no likelihood of confusion between the Plaintiff's website and Defendant Factory Direct's website.

7. The alphanumeric designations are not inherently distinctive, lack secondary meaning and therefore are unprotectible.

8. The alphanumeric designations are widely used by the manufacturers of the products at issue and by other sellers of those products therefore Plaintiff does not have exclusive rights to such alphanumeric designations.

9. The alphanumeric designations are descriptive.

MAD/109223.1

10. Plaintiff has unclean hands as it intentionally registered domain names that include the identical words contained in Factory Direct's sites and proceeded to redirect potential customers to its own site when those infringing domain names were used.

## COUNT II

## COPYRIGHT INFRINGEMENT

11. The Complaint fails to state a claim upon which relief can be granted because among other things it does not identify what portions of the website have allegedly been infringed and how they are being infringed.

12. Plaintiff lacks standing to bring this claim as it is not the owner of certain content on its website.

13. Many of the images on the site are provided by the manufacturers to all sellers of their products.

14. Many of the product descriptions are not copyrightable because they lack sufficient originality.

15. The descriptions on Factory Direct's website are from the manufacturer's materials or were independently created by Factory Direct without reference to Plaintiff's websites.

16. There is not substantial similarity between the design and layout on Plaintiff's sites and Factory Direct's website.

17. Plaintiff has unclean hands as it intentionally registered domain names that include the identical words contained in Factory Direct's site and proceeded to redirect potential customers to its own site when those infringing domain names were used.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

MAD/109223.1

18. The Complaint fails to state a claim upon which relief can be granted.

19. The alphanumeric and trade dress infringements alleged are not inherently distinctive nor have they acquired secondary meaning.

20. Plaintiff has unclean hands as it intentionally registered domain names that include the identical words contained in Factory Direct's sites and proceeded to redirect potential customers to its own site when those infringing domain names were used.

## PRAYER FOR RELIEF

WHEREFORE, defendants request that the Court:

A. As for Eric Stephan, dismiss the Complaint based on a lack of personal jurisdiction under Wisconsin State law and the United States Constitution.

B. As for Factory Direct Ramps, LLC, dismiss the Complaint based on a lack of personal jurisdiction under Wisconsin State law and the United States Constitution.

C. Enter judgment in their favor and dismiss Plaintiff's Complaint;

D. Award its reasonable attorney's fees and costs pursuant to 15 U.S.C.§ 1117 (a) and 17 U.S.C. § 505;

E. Such other relief as may be just.

## COUNTERCLAIMS OF DEFENDANT FACTORY DIRECT, LLC

### Parties

1. Counter Claimant Factory Direct Ramps, L.L.C. ("Factory Direct") is a limited liability company organized under the laws of Michigan with a business address of P.O. Box 1288, Southgate, Michigan 48195.

2. Factory Direct is an online business engaged in the business of selling loading ramps and cargo and utility trailers.

3. Upon information and belief, Counter Defendant Discount Ramps.Com LLC ("Discount") is a limited liability company organized under the laws of Wisconsin, with a principal place of business located at 760 South Indiana Avenue, West Bend, Wisconsin 53095.

4. Counter Defendant Joel Lederhause is the President and co-owner of Discount Ramps.

5. Discount organized as a limited liability company in conformance with the laws of Wisconsin as of March 21, 2001.

6. Upon information and belief, Discount is an online business engaged in the business of manufacture, sale and distribution of loading ramps, loading accessories and trailers.

### Jurisdiction & Venue

7. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

8. Upon information and belief based upon the allegations of the complaint, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

9. Upon information and belief, Discount is subject to personal jurisdiction of this District by virtue of Wisconsin statute § 801.05.

### General Allegations

10. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 9.

11. Since its formation in October 2003, Factory Direct has been operating under the trade name and mark "Factory Direct Ramps." Since that time, Factory Direct has owned common law trademark rights in the mark FACTORY DIRECT RAMPS.

12. On October 24, 2003, Factory Direct reserved and registered the domain name factory-direct-ramps.com.

13. Soon thereafter, Factory Direct began conducting business on the Internet by selling loading ramps and cargo and utility trailers at the website address www.factory-direct-ramps.com.

14. In the fall of 2004, Joel Lederhause, the President and owner of Discount Ramps contacted Eric Stephan of Factory Direct and offered to purchase Factory Direct and give Factory Direct a percentage of profits. Mr. Stephan declined Discount's offer of purchase and indicated he would continue his business in its current form.

15. On information and belief, Defendant Lederhause personally participated and/or directed the infringing activities described in paragraphs 15-46 of the Counterclaim and authorized and approved such activities.

16. On December 15, 2003, Discount reserved and registered the domain name factory-ramps.com.

17. On February 6, 2004, Factory Direct reserved and registered the domain name factoryramps.com. Soon thereafter, Factory Direct began selling loading ramps and cargo and utility trailers at the website www.factoryramps.com.

18. Nearly one month later, on March 5, 2004, Discount reserved and registered the domain name factory-ramps.com.

MAD/109223.1

Case 2:05-cv-00368-JPS   Filed 05/23/05   Page 9 of 18   Document 7

19. By the time Discount registered factorydirectramps.com and factory-ramps.com, Factory Direct's FACTORY DIRECT RAMPS and name and mark and its FACTORY RAMPS mark had become distinctive.

20. Shortly after registering the domain names factorydirectramps.com and factory-ramps.com, Discount arranged to have the respective websites point to its website www.discountramps.com, where it sells loading ramps, loading accessories and trailers.

21. From the time it registered the domain names factorydirectramps.com and factory-ramps.com, Discount used the domain names in interstate commerce by pointing the respective websites to its website at www.discountramps.com until at least May 6, 2005.

22. By using the www.factorydirectramps.com and www.factory-ramps.com websites to point to www.discountramps.com, Discount intentionally redirected Internet traffic from Factory Direct to itself and intentionally interfered with Factory Direct's existing and prospective customer relationships.

23. Factory Direct's use of the FACTORY DIRECT RAMPS name and mark as well as the related websites at www.factory-direct-ramps.com and www.factoryramps.com account for substantial revenues and profits to Factory Direct.

24. As a result of the continuous and extensive advertising, promotion and sale of loading ramps and cargo and utility trailers under the FACTORY DIRECT RAMPS name and mark, the FACTORY DIRECT RAMPS mark has become distinctive, widely known and recognized and identifies Factory Direct as a source of high-quality services in the sale of ramps and trailers and serves to distinguish the Factory Direct's services from those of others. The FACTORY DIRECT RAMPS name and mark represents and symbolizes the

sound reputation and good will of Factory Direct among members of the trade and the purchasing public with regard to ramps and trailers.

25. Discount's domain names factorydirectramps.com and factory-ramps.com name are nearly identical to Factory Direct's FACTORY DIRECT RAMPS name and mark and related domain names factory-direct-ramps.com and factoryramps.com, with the sole difference being the presence or lack of a hyphen between certain words.

26. The services offered by Discount and Factory Direct are identical in that they both sell ramps and trailers.

27. Discount intentionally copied the FACTORY DIRECT RAMPS name and mark and related domain names when it registered and began using the factory-direct-ramps.com and factoryramps.com domain names in interstate commerce. In doing so, Discount intended to confuse consumers as to the services offered by Discount and Factory Direct.

28. Discount's registration, trafficking and use of the www.factorydirectramps.com and www.factory-ramps.com websites were done in bad faith with the intent to profit from Factory Direct's FACTORY DIRECT RAMPS name and mark.

29. Discount's misappropriation and unauthorized use of the Factory Direct's FACTORY DIRECT RAMPS name and mark and related domain names in connection with the marketing and sale of ramps and trailers or other similar goods is likely to cause confusion, mistake or deception with respect to the origin of the Factory Direct's and Discount's services, whether Discount's www.factorydirectramps.com and www.factory-ramps.com websites are sponsored or approved by Factory Direct or whether there is an association between Factory Direct and Discount. This likelihood of confusion, mistake

or deception has caused, and continues to cause, harm to Factory Direct's property and good will and has damaged, is damaging and continues to damage Factory Direct.

30. Factory Direct has suffered damages from the confusion, mistake or deception resulting from Disount's use of the FACTORY DIRECT RAMPS name and mark and factorydirectramps.com and factory-ramps.com domain names and will continue to suffer such damages unless Discount is enjoined and restrained by the Court from using a name, mark or domain name identical to or confusingly similar to Factory Direct's name, mark or domain names.

31. Additionally, Factory Direct has suffered damages to its valuable reputation and good will resulting from Discount's use of the FACTORY DIRECT RAMPS name, mark and domain names and such damages cannot be compensated by money damages, and therefore, Factory Direct does not have an adequate remedy at law.

32. After commencing business in October of 2003, Defendant Factory Direct entered agreements with a number of manufacturers of ramps and related products to advertise and sell their products through Factory Direct Ramps website factory-direct-ramps.com.

33. In the fall of 2003, Factory Direct requested and obtained agreement from Homecare Products Inc. ("Homecare Products") to promote and sell an array of products.

34. In the winter of 2004, after commencing advertising of Homecare Products goods, Factory Direct was contacted by the owners of the company and advised that Discount Ramps through one of its owners Joel Lederhause had demanded that Homecare Products stop selling products to Factory Direct Ramps.

35. Based on this request, Homecare Products permitted Factory Direct to advertise and sell only one product model.

MAD/109223.1

36. After commencing business in October 2003 Factory Direct contacted Fast Masters, Inc. ("Fast Masters") and obtained an agreement to advertise and sell Fast Master's products on its web site.

37. Shortly after beginning sales of Fast Masters products Factory Direct was contacted by Fast Masters, which accused Factory Direct of violating its price guide.

38. Factory direct was advertising and selling Fast Masters products at the same prices that were being offered by Discount Ramps and other sellers of Fast Masters products.

39. In the fall of 2003 Factory Direct contacted ATV Solutions, Inc. ("ATV Solutions"), a manufacturer and seller of ramps and related products requesting that it be permitted to sell ATV Solutions products on its web site.

40. Eric Stephan owner of Factory Direct was advised by one of the owners of ATV Solutions that the owner of Discount Ramps, Joel Lederhause had asked ATV Solutions not to do business with Eric Stephan and Factory Direct.

COUNT I

TRADEMARK INFRINGEMENT
15 U.S.C. § 1114(1)

41. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 40 above.

42. The use by Discount of the FACTORY DIRECT RAMPS name and mark in connection with the selling of ramps and trailers and Discount's business is without authorization from Factory Direct. This use is likely to cause confusion, mistake or deception, and, accordingly, constitutes trademark infringement.

43. Discount's actions have been with full knowledge of the trademark infringement.

44. Discount's acts constitute a violation of 15 U.S.C. § 1114(1).

## COUNT III

## FALSE DESIGNATION OF ORIGIN AND FALSE OR MISLEADING DESCRIPTION OR REPRESENTATION OF FACTS
15 U.S.C. § 1125(a)(1)

45. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 44 above.

46. Discount's use of the FACTORY DIRECT RAMPS name and mark in connection with the sale of ramps and trailers and Discount's business is without authorization from Factory Direct. This use constitutes a false designation of origin and a false or misleading description or representation of fact, which is likely to cause confusion, mistake or deception.

47. Discount's actions have been with full knowledge of the false designation of origin and false or misleading description or representation of fact.

48. Discount's acts constitute a violation of 15 U.S.C. § 1125(a)(1).

## COUNT III

## ANTI-CYBERSQUATTING PROTECTION ACT
15 U.S.C. § 1125(d)

49. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 48 above.

50. Discount has registered, trafficked and used the domain names factorydirectramps.com and factory-ramps.com.

51. Discount's factorydirectramps.com and factory-ramps.com are nearly identical to Factory Direct's domain names factory-direct-ramp.com and factoryramps.com, which consist of and relate to Factory Direct's FACTORY DIRECT RAMPS name and mark.

52. Factory Direct's FACTORY DIRECT RAMPS name and mark was distinctive at the time of Discount's registration of the factorydirectramps.com and factory-ramps.com domain names.

53. Discount's acts were committed in bad faith with the intent to profit from Factory Direct's FACTORY DIRECT RAMPS name, mark and domain names.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

54. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 53 above.

55. Discount's acts as described herein constitute trademark infringement under the common law of Wisconsin.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

56. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 55 above.

57. The defendant's acts set forth above constitute unfair competition under the common law of the State of Wisconsin.

## COUNT VI

## INTERFERENCE WITH CONTRACT

58. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 57 above.

59. Discount Ramps and Joel Lederhause interfered with Factory Direct's contract with Homecare Products and such interference was intentional and intended to competitively harm Factory Direct.

60. On information and belief, Discount Ramps interfered with Discount Ramps' agreement with Fast Masters, which led to the latter terminating its agreement with Factory Direct and such interference was intentional and intended to competitively harm Factory Direct.

61. The aforementioned interference by Discount Ramp's and Joel Lederhause with Factory Direct's agreement with Homecare Products and Fast Masters caused damage to Factory Direct.

## COUNT VII

### INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

62. Factory Direct realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 61 above.

63. Discount Ramps and Joel Lederhause interfered with Factory Direct's contract with ATV Solutions, Inc.

64. The aforementioned interference was intentional, intended to competitively harm Factor Direct and did damage Factory Direct.


WHEREFORE, Factory Direct and demands judgment against Discount as follows:

1. A preliminary and permanent injunction against Discount, its owners, officers, members, employees, agents, representatives, licensees and any and all persons in active concert or participation with it, enjoining and restraining the use of the FACTORY DIRECT

MAD/109223.1

RAMPS name and mark, or any colorable imitation thereof, in connection with Discount's websites www.factorydirectramps.com and www.factory-ramps.com.

2. An order requiring that all products, advertisements, signs, literature, business forms, cards, labels, pamphlets, brochures, plates, forms, patterns, and any other written and printed material in the possession or control of the defendant, its owners, directors, officers, employees, agents, representatives, licensees and any and all persons in active concert or participation with it which bear the FACTORY DIRECT RAMPS name or mark or any colorable imitation thereof, and the websites www.factorydirectramps.com and www.factory-ramps.com., be delivered up to Factory Direct for destruction.

3. An order transferring the domain names factorydirectramps.com and factory-ramps.com from Discount to Factory Direct.

4. An accounting of Discount's profits relating to its sales using the FACTORY DIRECT RAMPS name and mark, or any colorable imitation thereof, as well as any sales made on any of Discount's websites as a result of redirecting Internet traffic that originated from the www.factorydirectramps.com and www.factory-ramps.com websites

5. An award of monetary damages for the injuries sustained by Factory Direct as a result of Discount's unfair competition, trademark infringement, false designation of origin and false or misleading description or representation of fact, interference with contract and interference with prospective contractual relationship.

6. An award of treble damages as a result of Discount's trademark infringement and false designation of origin and false or misleading description or representation of fact in accordance with 15 U.S.C. § 1117.

MAD/109223.1

7. Costs and disbursements incurred in the prosecution of this action, including reasonable attorney fees, as provided under and in accordance with Wisconsin law, common law and 15 U.S.C. § 1117.

8. Such other and further relief as the Court deems appropriate to protect the rights of Factory Direct.

Dated this 23rd day of May, 2005.

                              WHYTE HIRSCHBOECK DUDEK S.C.

                              By: _____ /s/ Eugenia G. Carter
                                      State Bar No. 01011447
                                      Attorney for Defendants Eric Stephan and
                                      Factory Direct Ramps, LLC

Address:
One East Main Street, Suite 300
Madison, WI 53703-3300
608-255-4440

MAD/109223.1